P.aniel, J.
 

 That the lessors of the plaintiff intended to prosecute their appeal, there can be no doubt; as they executed and left in the clerk’s office an instrument, which .they considered an appeal bond. The bond is given hy
 
 *47
 
 law for the benefit of the appellee. It is not essential that there should be an appeal bond in the transcript to give the appellate Court jurisdiction ; for the bond may be waived by the appellee, either expressly or impliedly. And whenever the appellate Court sees that the appeal bond is waived, it will always proceed with the trial of the'cause. The bond in this case could only be, to secure to the defendant his costs, if he should succeed in the Superior Court. If the defendant had moved the Court to dismiss the appeal at the first term, the lessors of the plaintiff might have suggested a diminution of the record, and obtained a certiorari'; when, on its return, the court would have seen, that the instrument intended for an appeal bond was defective as such, by the misprision of the clerk, and would have .put the lessors of the plaintiff under terms to have put in a proper prosecution bond to secure the defendant in his costs, before they should have been permitted to proceed. But the defendant did not take this course : he, at the first term of the Superior Court of ,New-Hanover, filed an affidavit and obtained an order of court to remove the cause to Bladen for trial; the cause stood for trial three years in the Superior Court, before this motion was made to dismiss for the want of an appeal bond-. Taking all the circumstances together, we think that the Judge came to the right conclusion, that the defendant had impliedly waived the appeal bond. This opinion must be certified, &c.
 

 Per Curiam, Ordered accordingly.